**UNITED STATES**

v.

**Airman First Class Robert M. CASEY, Jr., FR 366–96–3984, United States Air Force.**

**ACM 29037.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Oct. 1989.

Decided 10 May 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Major Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Captain Jeffrey C. Lindquist, Major Scott W. Stucky, USAFR.

Before MURDOCK, O'HAIR and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

MURDOCK, Senior Judge:

Airman First Class Casey's adjudged sentence was a bad conduct discharge, confinement for three months, forfeiture of all pay and allowances for two months, reduction to airman basic, and a reprimand. When they announced the sentence, the court members followed their instructions and did not specify the wording of the reprimand. They left that to the convening authority as they were required to do. *See* R.C.M. 1003(b)(1); Air Force Regulation 111–1, *Military Justice Guide*, para. 15–8d.

The convening authority took action in the case using the following words, "the sentence is approved and, except for the bad conduct discharge, will be executed." The convening authority's action contains no wording for a reprimand, nor do the allied papers.

Neither the Uniform Code of Military Justice nor the Manual for Courts–Martial currently specifies the form a reprimand should take, nor where it should appear. There is some indication that in the past "sentence reprimands" have been documents which were separate from the Action of the Convening Authority. For example, in *United States v. Thompson*, 37 C.M.R. 915, 920 (A.F.B.R.), the Board of Review stated that the absence of an indication in the allied papers to the effect that the convening authority had not reprimanded the accused and did not intend to was "tantamount to disapproval by the convening authority of so much of the sentence as provides for a reprimand."

■ In our view, allowing the reprimand to be written in a separate document and not in the Action of the Convening Authority is a poor practice. Earlier versions of the Manual for Courts–Martial required the reprimand, with a few exceptions, to be set forth in the convening authority's action. We encourage a return to those rules. MCM, 1951, para. 89c(8); MCM, 1969 (rev.), para. 89c(9). We are required by Article 66(c), UCMJ, 10 U.S.C. § 866(c), to "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and [determine], on the basis of the entire record, should be approved." We would not be performing our

required complete review if we were to approve an unspecified reprimand, any more than if we were to approve an unspecified period of confinement or an unspecified amount of forfeitures.

We have offered both sides the opportunity to comment on the status of the sentence. Predictably, the defense argued that we should disapprove the reprimand. The government did not provide any evidence of the reprimand having been composed or imposed. Rather, they argued that the convening authority "obviously did not consider it necessary to go beyond the bare phrase, 'You are hereby reprimanded' ". This ignores the absence of even those words in the convening authority's action, or in any other form that has been properly brought before us for review. We agree with the government when it states in its brief, "[I]t certainly would have been better form to have included explicit words of reprimand in the court-martial order...."

To remove any possibility of prejudice to Airman Casey, and to fulfill our responsibilities under Article 66(c), we find only the following portion of the sentence appropriate: bad conduct discharge, confinement for three months, forfeiture of all pay and allowances for two months, and reduction to airman basic. Article 66(c), UCMJ. *See United States v. Rogers*, 18 C.M.R. 513, 524 (A.F.B.R.1954); *United States v. Thompson*, 37 C.M.R. 915, 920 (A.F.B.R. 1966).

We have examined the record of trial, and both sides' response to our specified issue, and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. The findings and the sentence, as modified, are

AFFIRMED.

Senior Judge O'HAIR and Judge MILLS concur.